UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HONG TANG,

                Plaintiff,                      **MEMORANDUM & ORDER**
                         - against -                   1:19-CV-00508 (PKC) (PK)

RUTHANNE VISNAUSKAS, Commissioner
of the New York State Division of Housing and
Community Renewal, and WOODY PASCAL,
Deputy Commissioner of the New York State
Division of Housing and Community Renewal,

                Defendants.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Plaintiff, proceeding *pro se*, initiated this action on January 25, 2019. (Complaint, Dkt. 1.) On May 16, 2019, Defendants sought permission to file a motion to dismiss. (Motion for Pre-Motion Conference, Dkt. 7.) The Court construed Defendants' pre-motion conference letter as a dismissal motion and set an expedited briefing schedule. (Scheduling Order, dated 5/24/19.) On August 14, 2019, the Court held oral argument on Defendants' motion, during which Plaintiff requested, and was granted, permission to file an "amended complaint."[1] (Minute Entry, dated 8/14/19.) On September 13, 2019, Plaintiff filed his Second Amended Complaint (the "SAC"). (Dkt. 17.) On September 19, 2019, Defendants renewed their request to move to dismiss, this time as to the SAC. (Dkt. 18.)

      Because Plaintiff has been permitted both an opportunity to orally articulate and clarify his claims and to amend his original complaint, the Court construes Defendants' initial motion to dismiss (Dkt. 8), along with their recently filed pre-motion conference letter seeking dismissal of

---

[1] Though referred to at the oral argument as the "amended complaint," it is in fact Plaintiff's second amended complaint.

1

the SAC (Dkt. 18), as a motion to dismiss the SAC and grants that motion. For the following reasons, this action is dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

In the SAC, Plaintiff advances two claims under 42 U.S.C. § 1983: a due process claim and an equal protection claim. (SAC at 2–7.) The Court addresses each claim in turn.

**I.      Due Process**

Plaintiff's due process claim is based on the following.[2] In July of 2014, Plaintiff filed an "Illusory Sublet" claim with the New York State Division of Housing and Community Renewal ("DHCR") pursuant to the provisions in DHCR's "Fact Sheet #7 'Sublets, Assignments and Illusory Tenancies.'" (*Id.* at 2.) However, in violation of DHCR's own policies, Defendants only reviewed the renewal lease portion of Plaintiff's claim and refused to review the overcharge refund portion. (*Id.* at 2–3.) Defendants rendered an initial decision on Plaintiff's Illusory Sublet claim— though only on the lease renewal portion—on June 3, 2015, and rendered a final decision on January 26, 2016. (*Id.* at 2.) Plaintiff avers that he has "property interests in being refunded the rent overcharges since 2007, including the treble damage penalty authorized by the law." (*Id.* at 2.) Additionally, Plaintiff states that "Defendants deprived Plaintiff of [his] pre-deprivation due process right" and that the "failure of Defendants fully to process Plaintiff's claim, enforce the

---

[2] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint." *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)). Additionally, because Plaintiff is *pro se*, the Court liberally construes his submissions and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation and italics omitted). However, the Court notes that it "'need not act as an advocate for'" Plaintiff. *Curry v. Kerik*, 163 F. Supp. 2d 232, 235 (S.D.N.Y. 2001) (quoting *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998)).

stated policy and follow [DHCR's own] procedures violated Plaintiff's right to due process, which is protected under clearly established law." (*Id.* at 3.)

"[I]n evaluating what process satisfies the Due Process Clause, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (quotation omitted). Because the due process claim at issue here is based on DHCR's failure to apply its own explicitly outlined procedures (SAC at 2–3), Plaintiff's claim falls in the former category. *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) ("When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process." (citing *Hudson v. Palmer*, 486 U.S. 517, 532 (1986))).

Plaintiff fails to state a due process claim because he had access to an adequate post-deprivation remedy in the form of an Article 78 proceeding.[3] In reaching this conclusion, the

---

[3] (*See* Ex. C to Aff. & Decl. in Supp. of Defs.' Mot. to Dismiss, Dkt. 10-3 (Plaintiff's verified Article 78 petition, in the matter assigned Index No. 100373/16 before the Supreme Court of the New York, New York County, dated March 10, 2016); Ex. D. to Aff. & Decl. in Supp. of Defs.' Mot. to Dismiss, Dkt. 10-4 (order of Supreme Court of New York County, dated October 7, 2016, denying Plaintiff's petition and dismissing Plaintiff's Article 78 proceeding); Ex. E to Aff. & Decl. in Supp. of Defs.' Mot. to Dismiss, Dkt. 10-5 (order of Supreme Court of New York County, dated October 13, 2017, denying leave to reargue following dismissal of Plaintiff's Article 78 proceeding); Ex. F. to Aff. & Decl. in Supp. of Defs.' Mot. to Dismiss, Dkt. 10-6 (order of Supreme Court of New York County, dated March 26, 2018, again denying leave to reargue following dismissal of Plaintiff's Article 78 proceeding).)

For purposes of ruling on a motion to dismiss, "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Global Network Commc'ns*, 458 F.3d 150, 157 (2d Cir. 2006) (quotations omitted); *see* Fed. R. Evid. 201. The Court takes judicial notice of the cited documents and is satisfied that they demonstrate that an Article 78 proceeding took place. *See Missere v. Gross*, 826 F. Supp. 2d 542, 553 (S.D.N.Y. 2011) ("The Court may

Court recognizes that the mere availability of an Article 78 proceeding does not preclude a due process claim. *Kraebel v. Comm'r of N.Y. State Div. of Housing & Cmty. Renewal*, No. 93-CV-4344 (LAP), 2000 WL 91930, at *10 (S.D.N.Y. Jan. 26, 2000) ("[W]hile the existence of Article 78 proceedings may satisfy due process under some circumstances, these proceedings may not be adequate to redress unconstitutional deprivations effectuated by established state procedure." (citations omitted)). In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Supreme Court set forth a three-factor balancing test to determine the extent of process due: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of that interest; and (3) the governmental interest in additional safeguards. *Id.* at 334–45. The balancing of these factors is fact-specific. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

In this case, Plaintiff's only factual averment in support of his due process claim is that DHCR failed to properly apply its own rules in denying his overcharge refund request. (SAC at 2–3.) Plaintiff advanced this precise argument before the Honorable Barbara Jaffe of the Supreme Court of New York, New York County, in challenging the Rent Administrator's resolution of his Article 78 petition. Justice Jaffe specifically addressed Plaintiff's argument regarding his overcharge refund request, reasoning as follows:

> The tenant [Plaintiff] further alleges that he had various communications by email and in person with the owner, and the owner did not mention that the Rent Administrator's [] finding; that [the DHCR Fact Sheet] states that, if a complaint is justified, the owner will be required to recognize the subtenant as the actual tenant, the illusory prime tenant will be legally responsible to refund all overcharges collected from the subtenant, and if the subtenant can prove that the owner received part or all of the overcharges the owner will also be responsible for refunding the rent overcharges; that the Rent Administrator found that the subtenant had the right to the renewal lease, and so terminated the proceeding, which was incorrect as the issue of overcharges had not been resolved; that *Thornton v. Baron*, 4 AD 258 (1st

---

also take judicial notice of all documents in the public record, including . . . the decisions of the Supreme Court in the Article 78 proceedings . . . that the Parties have submitted in affidavits with their motion papers.").

4

> Dept. 2004[)] applies to this case; that, despite the owner's 9/16/14 statement that the owner did not know of the sublease or of the subtenant, the owner sent an email to the subtenant on 12/9/14; and that the Rent Administrator did not review or address this issue. . . .
>
> The instant proceeding was commenced by the subtenant's (the "tenant" herein) filing of a Tenant's Complaint of Owner's Failure to Renew Lease and/or Failure to Furnish a Copy of Signed Lease, and the instant proceeding is confined solely to a determination of said Complaint. The Rent Administrator terminated the proceeding based upon the fact that the owner and the tenant both submitted copies of the same executed renewal lease for the term from 6/15/15 to 6/14/16. *Because the subtenant, the tenant herein and now the prime-tenant of the subject apartment, has received a signed renewal lease, the Rent Administrator properly found that the matter had been resolved and was correct to accordingly terminate the proceeding.*

(Ex. C. of Aff. & Decl. in Supp. of Defs.' Mot. to Dismiss, Dkt. 10-3, at ECF[4] 17 (emphasis added).)

Even assuming, *arguendo*, that DHCR failed to properly apply its own rules in denying Plaintiff's overcharge refund request—which the Court doubts, given Justice Jaffe's seemingly reasonable application of the relevant agency law, as reproduced above—this fact would nevertheless fail to state a due process claim under *Mathews v. Eldridge*, because violation of a state agency's own rules does not suffice to implicate a federal property interest. *See Mace v. Cty. of Sullivan*, No. 05-CV-2786 (SCR) (GAY), 2009 WL 413503, at *2 (S.D.N.Y. Feb. 11, 2009) (noting that "failure to follow proper *state* procedures in itself . . . does not create a cognizable *federal* due process claim" (citing *Torres-Rosado v. Rotger-Sabat*, 335 F.3d 1, 10 (1st Cir. 2003) ("An agency's failure to follow its own rules may be significant in administrative law, but the federal Due Process Clause does not incorporate the particular procedural structures enacted by state or local governments; these claims should be pursued, if at all, under [state] law.")))).

---

[4] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

Accordingly, Plaintiff's due process claim is dismissed.

## II.     Equal Protection

Assuming, *arguendo*, that Plaintiff's equal protection claim is not time-barred,[5] it would nevertheless have to be dismissed for failure to state a claim. To state a class-of-one equal protection claim, the plaintiff must "allege[] that []he has been intentionally treated differently from others similarly situated[6] and that there is no rational basis for the difference in treatment." *Harlan Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (quotation omitted). To survive a motion to dismiss, a plaintiff must allege facts sufficient to demonstrate that, "'compared with others similarly situated, [he] was selectively treated'" and that this treatment was "motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.'" *Weinberger v. City of New York*, No. 17-CV-9998 (JMF), 2018 WL 3996935, at *2 (S.D.N.Y. Aug. 21, 2018) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995)).

---

[5] Plaintiff's original complaint—filed one day before the statute of limitations was set to expire on his § 1983 claims—did not allege an equal protection violation. (*See generally* Complaint, Dkt. 1.) It appears that Plaintiff's equal protection claim, alleged for the first time in the amended complaint, does not relate back to the original complaint and is, therefore, untimely:

> Under [Fed. R. Civ. P.] 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading. Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs.

*Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (quotation and citation omitted).

[6] "An individual is 'similarly situated' when []he is 'similarly situated in all material respects to the individuals with whom []he seeks to compare [him]self.'" *Sagaponack Realty LLC v. Vill. of Sagaponack*, No. 2:17-CV-5277 (DRH) (SIL), 2018 WL 4259988, at *6 (E.D.N.Y. Sept. 6, 2018) (quoting *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)).

Plaintiff alleges that he "was treated differently in the administrative proceeding and was subject to 'reverse []selective enforcement'[] (Defendants refused to fully enforce the policy and procedure that are clearly stated in DHCR Fact Sheet #7, Section 'Illusory Sublets', due to Plaintiff's race, national origin, ethnicity, citizenship/immigration status, and tenant (subtenant) status." (SAC at 5.) But Plaintiff offers no specific facts to substantiate this conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," are plainly insufficient to state a claim).

Accordingly, Plaintiff's equal protection claim is dismissed.

## CONCLUSION

For the reasons set forth above, this action is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Clerk of Court is respectfully directed to enter judgment and close this case. Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: September 20, 2019
      Brooklyn, New York