UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
HONG TANG,

                Plaintiff,

       - against -

RUTHANNE VISNAUSKAS, Commissioner
of the New York State Division of Housing and
Community Renewal, and WOODY PASCAL,
Deputy Commissioner of the New York State
Division of Housing and Community Renewal,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
1:19-CV-00508 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

      Plaintiff, proceeding *pro se*, initiated this action on January 25, 2019. (Dkt. 1.) Defendants sought permission to file a motion to dismiss on May 16, 2019 (Dkt. 7), and the Court held oral argument on August 14, 2019, at which Plaintiff requested, and was granted, permission to file an "amended complaint"[1] (Minute Entry, dated 8/14/19). On September 13, 2019, Plaintiff filed his Second Amended Complaint ("SAC"), alleging due process and equal protection claims in connection with Defendants' handling of Plaintiff's "Illusory Sublet" complaint with the New York State Division of Housing and Community Renewal ("DHCR"). (*See* Dkt. 17.) The Court dismissed the SAC in its entirety. *See Hong Tang v. Visnauskas*, No. 19-CV-00508 (PKC) (PK), 2019 WL 4575366 (E.D.N.Y. Sept. 20, 2019). On October 10, 2019, Plaintiff moved for reconsideration. (Dkt. 21.) Although filed after the 14-day period provided for under Local Rule

---

[1] Though referred to at the oral argument as the "amended complaint," it was in fact Plaintiff's second amended complaint.

1

6.3, given Plaintiff's *pro se* status, the Court has considered, and now denies, that motion for the reasons set forth below.

"A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Arutyunyan v. Fields*, No. 17-CV-5009 (AMD), 2018 WL 5776534, at *2 (E.D.N.Y. Nov. 2, 2018) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). None of these factors is present here.

First, Plaintiff argues that the Court improperly applied and overlooked the case *Mace v. County of Sullivan*. No. 05-CV-2786 (SCR) (GAY), 2009 WL 413503 (S.D.N.Y. Feb. 11, 2009). However, the Court's September 20, 2019 Order specifically addressed and properly applied the relevant finding from *Mace*, namely, that the "failure to follow proper state procedures in itself . . . does not create a cognizable federal due process claim," and, thus, that the DHCR's failure to follow its own procedure was, by itself, insufficient to create a cognizable federal due process claim. *Hong Tang*, 2019 WL 4575366, at *3. Plaintiff cannot re-litigate an argument already addressed, and therefore not overlooked, by the Court.

Second, Plaintiff identifies that the Court's September 20, 2019 Order mistakenly attributed the following statement to the Honorable Barbara Jaffe of the Supreme Court of New York, New York County, as having been made while she presided over his Article 78 Proceeding:

> The tenant [Plaintiff] further alleges that he had various communications by email and in person with the owner, and the owner did not mention that the Rent Administrator's [ ] finding; that [the DHCR Fact Sheet] states that, if a complaint is justified, the owner will be required to recognize the subtenant as the actual tenant, the illusory prime tenant will be legally responsible to refund all overcharges collected from the subtenant, and if the subtenant can prove that the owner received part or all of the overcharges the owner will also be responsible for refunding the rent overcharges; that the Rent Administrator found that the subtenant had the right to the renewal lease, and so terminated the proceeding, which was incorrect as the issue of overcharges had not been resolved; that *Thornton v. Baron*, 4 AD 258 (1st

> Dept. 2004[) ] applies to this case; that, despite the owner's 9/16/14 statement that the owner did not know of the sublease or of the subtenant, the owner sent an email to the subtenant on 12/9/14; and that the Rent Administrator did not review or address this issue….
>
> The instant proceeding was commenced by the subtenant's (the "tenant" herein) filing of a Tenant's Complaint of Owner's Failure to Renew Lease and/or Failure to Furnish a Copy of Signed Lease, and the instant proceeding is confined solely to a determination of said Complaint. The Rent Administrator terminated the proceeding based upon the fact that the owner and the tenant both submitted copies of the same executed renewal lease for the term from 6/15/15 to 6/14/16. *Because the subtenant, the tenant herein and now the prime-tenant of the subject apartment, has received a signed renewal lease, the Rent Administrator properly found that the matter had been resolved and was correct to accordingly terminate the proceeding.*

*Hong Tang*, 2019 WL 4575366, at *3 (emphasis in original). Plaintiff correctly points out that these comments were in fact made by Defendant Woody Pascal in his January 26, 2016 Order and Opinion. (*See* Dkt. 17-1, at ECF[2] 7.) However, despite this misattribution, the quote serves only to illustrate the intended point, namely, that Plaintiff's proceeding, in which he argued that DHCR failed to properly apply its own rules in denying his overcharge refund request, was correctly terminated. Thus, the alleged "clear error" is inconsequential and does not warrant reconsideration.

Third, Plaintiff argues that the Court made a clear error in finding that his equal protection claim, as stated in the SAC, did not relate back to his original complaint and was therefore time-barred. However, the Court's analysis separately assumed that Plaintiff's equal protection claim was not time-barred and found that the claim still could not survive a motion to dismiss because of insufficient pleading. *See Hong Tang*, 2019 WL 4575366, at *4 ("Assuming, *arguendo*, that

---

[2] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

Plaintiff's equal protection claim is not time-barred, it would nevertheless have to be dismissed for failure to state a claim."). Thus, the Court did not clearly err.

Plaintiff's final argument as to the insufficient pleading of his equal protection claim is plainly an attempt to re-litigate issues already addressed by the Court.

Accordingly, Plaintiff's motion for reconsideration is denied in its entirety. Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 10, 2019
      Brooklyn, New York